[Civ. No. 8151. First Appellate District, Division Two.—January 19, 1932.]

AHARON MARGOSIAN et al., Appellants, v. HAMMOND LUMBER COMPANY (a Corporation), Respondent.

Arsen Yeretzian for Appellants.

Rufus L. Horton and Joseph K. Horton for Respondent.

STURTEVANT, J.—The plaintiffs commenced an action to obtain a judgment fixing the amount of his damages for alleged usury and enjoining a sale of real estate under the powers expressed in a deed of trust. The trial court made findings in favor of the defendant, the Hammond Lumber Company, and from the judgment entered thereon the plaintiffs have appealed.

The plaintiffs state some of the evidence and claim that the findings are not supported by the evidence. The error in their contention rests in the fact that they do not state all the evidence. Prior to August 3, 1925, Mr. and Mrs. Margosian were the owners of the land described in the trust deed. They were about to employ John C. Roubian, as contractor, to build a building on their property. Mr. Margosian and Mr. Roubian called on the Hammond Lumber Company and talked the matter over with Mr. Nordin, the credit manager, of that company. They proposed that the Hammond Lumber Company should supply to them not only the lumber, etc., in which that company was a considerable dealer, but other building materials for the building. That brought up the question of credits. To protect the Hammond Lumber Company it was proposed that the plaintiffs would execute, as security, a trust deed on the land and that said trust deed should be held as such security until the building was completed and that then a reckoning

would be had. That course was followed. Later the building was completed and the reckoning was had. It was then found that the Hammond Lumber Company had made advancements in the sum of $19,737.73; that there were other accounts outstanding and payable in the sum of $4,902.63; and that the accrued interest was $477.27. The total of these three items was $25,117.63. It was then suggested by Mr. Margosian and Mr. Roubian that the first trust deed be canceled and that a new trust deed be executed by the plaintiffs to the defendant Title Insurance and Trust Company to secure a promissory note in the sum of $25,000, payable to the defendant, the Hammond Lumber Company, and that when such trust deed had been executed that Mr. Roubian would negotiate a sale of the note and deed and that the proceeds should be paid to the Hammond Lumber Company. That course was followed and the note and deed were, through the negotiations conducted by Mr. Roubian, sold to the defendant Margaret Mayer for $20,500. Of that sum, after deducting commissions, $19,750 was paid to the escrow-holder and it paid the moneys to the Hammond Lumber Company.

During these same times Mr. Roubian paid to the Hammond Lumber Company $1,000 in cash. As further security, Mr. Margosian executed a third deed of trust on some other property in the sum of $3,600, which he delivered to that company. Later that note was taken back and one for $3,000 was substituted. The Hammond Lumber Company paid the other outstanding claims in the sum of $4,902.63 mentioned above. The item of admitted interest $477.27 has not been paid to the Hammond Lumber Company and no other items of interest have been paid to it. To summarize, that company has received in all $23,750 in payment on its admitted claim of $25,117.63 for goods furnished and moneys laid out and expended on the building. There was also evidence that on several occasions Mr. Margosian and Mr. Roubian were asked to pay the balance on the account and that at such times they were also told their securities would all be returned to them.

These facts show that the Hammond Lumber Company received no interest and that it received no bonus and that the case presents no question of usury.

The court made a finding that the action was barred by the statute of limitations. The plaintiffs assert it is not sustained by the evidence. They cite evidence as to payments made to Margaret Mayer. She was not a party to the action at the time said finding was made. There is not a word of evidence that any payment was made to the Hammond Lumber Company after the year 1925. The action was commenced February 18, 1928. The action was barred. (1 Deering's Gen. Laws, p. 1384, Act 3757, sec. 3.)

The plaintiffs asked the trial court to make certain findings. It refused, and the plaintiffs assert the ruling was error; but they do not set forth any allegations to which such findings would have been responsive. This court may not be expected to search the record for the purpose of finding the errors, if any.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.